UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARY E. SILVA,                          )       Case No. EDCV 05-0207-JTL
                                        )
                Plaintiff,              )
                                        )
        v.                              )       MEMORANDUM OPINION AND ORDER
                                        )
JO ANNE B. BARNHART,                    )
Commissioner of Social                  )
Security,                               )
                                        )
                Defendant.              )
_____)

On March 17, 2005, Mary E. Silva ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability insurance benefits. On April 20, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on September 19, 2005, defendant filed an Answer to Complaint. On December 28, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On March 12, 2002, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 71-73). In her application, plaintiff claimed that, beginning on June 11, 2001, severe migraines and chronic fatigue syndrome prevented her from working. (AR at 88). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 57-62, 65-68). On November 11, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 69).

On May 14, 2003, the ALJ conducted a hearing in Orange, California. (AR at 34-56). Plaintiff appeared at the hearing and testified. (AR at 38-49, 54-55). Jeanine Metildi, a vocational expert, and Stephen Silva, a witness, also testified. (AR at 49-54). On June 27, 2003, the ALJ issued her decision denying benefits. (AR at 14-20). In her decision, the ALJ concluded that plaintiff suffered from severe impairments of migraine headaches, chronic fatigue, anxiety, and depression, but concluded these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 18). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform her past relevant work as a waitress. (AR at 19). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

Thereafter, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 6). On September 15, 2003, the Appeals Council affirmed the ALJ's decision. (AR at 3-5). Plaintiff appealed the matter to the District Court and, while the

appeal was pending, she filed a second application for disability. (AR at 266-69).  On March 16, 2004, the Court approved a stipulation by plaintiff and defendant to remand the matter to the ALJ.  (AR at 279-80).  Thereafter, the Appeals Council issued an Order Remanding Case to Administrative Law Judge ("Remand Order") and instructed the ALJ to obtain the subsequent claim file and other medical evidence from plaintiff's treating sources; further evaluate plaintiff's subjective complaints, evaluate plaintiff's Chronic Fatigue Syndrome in accordance with SSR 99-2p; evaluate the medical opinions of the treating sources in accordance with SSR 96-2p; give further consideration to plaintiff's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence in the record to support any assessed limitations; obtain evidence from a medical expert to clarify the severity of plaintiff's impairments, if necessary; and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations, if warranted by the expanded record.  (AR at 277-78).  Additionally, the Appeals Council consolidated plaintiff's second disability application with the pending claim on remand.  (AR at 236).

On October 6, 2004, the ALJ conducted a hearing in Orange, California in accordance with the Remand Order.  (AR at 255-65). Plaintiff appeared with counsel and testified.  (AR at 261-64).  David Rinehart, a vocational expert, also appeared but did not testify.  (AR at 255).  On December 23, 2004, the ALJ issued her decision denying benefits.  (AR at 235-44).  In her decision, the ALJ concluded that plaintiff suffered from the following severe impairments: migraine headaches, chronic fatigue, anxiety, and depression.  But the ALJ also

determined that these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1.  (AR at 238).  The ALJ again found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform her past relevant work as a waitress.  (AR at 243).  Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act.  (Id.).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1.   The ALJ failed to properly consider the treating physician's evidence of record.

2.   The ALJ failed to properly comply with the Remand Order.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs. , 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler,

4

1  803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible

2  of more than one rational interpretation, the ALJ's decision must be

3  upheld.  <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

4

5                              **DISCUSSION**

6  **A.    <u>The ALJ's Compliance with the Remand Order</u>**

7          On June 25, 2004, the Appeals Council issued a Remand Order, in

8  which it ordered the ALJ to give further consideration to plaintiff's

9  maximum residual capacity and provide rationale with specific

10 references to evidence of record in support of assessed limitations.

11 Specifically, the Appeals Council ordered the ALJ to:

12              [E]valuate the treating and examining source

13              opinions pursuant to the provisions of 20 CFR

14              404.1527 and SSRs 96-2p and 96-5p, and

15              nonexamining source opinions pursuant to the

16              provisions of 20 CFR 404.1527(f) and SSR 96-

17              6p, and explain the weight given to such

18              opinion evidence.  **As appropriate, the**

19              **Administrative Law Judge may request the**

20              **treating source and examining sources to**

21              **provide additional evidence and/or further**

22              **clarification of the opinions and medical**

23              **source statements** about what the claimant can

24              still do despite the impairments (20 CFR

25              404.1512).  **The Administrative Law Judge may**

26              **enlist the aid and cooperation of the**

27              **claimant's representative in developing**

28              **evidence from the claimant's treating source.**

                                    5

1  (AR at 277)(emphasis added).   In cases remanded by the Appeals
2  Council, the ALJ is directed to "take any action that is ordered by
3  the Appeals Council and may take any additional action that is not
4  inconsistent with the Appeals Council's remand order."   20 C.F.R. §
5  404.977(b).

6      Plaintiff claims that the ALJ failed to comply with the Order by
7  failing to recontact plaintiff's treating physician, Joseph Kahn, M.D.
8  The Commissioner responds that the ALJ complied with the Remand Order.
9  First, the Commissioner notes that plaintiff references the text
10 portion of the Remand Order and not the actual directive of the
11 Appeals Council.   The narrative cited by plaintiff states, in relevant
12 part, "The Administrative Law Judge needs to consider the medical
13 report from Dr. Kahn and recontact him to obtain any additional
14 medical reports or information he may have (Transcript 129-146, 177-
15 231)."   (AR at 276).   The actual order, the Commissioner notes, did
16 not require that the ALJ recontact Dr. Kahn.   Second, the Commissioner
17 contends that, pursuant to the Remand Order, the ALJ had the
18 discretion to and did enlist the aid of plaintiff's counsel in
19 developing evidence from the treating physician.   The Commissioner
20 references the following exchange at the October 6, 2004 hearing:

21     ALJ:     Now, Mr. Keenan, are there any additional records that
22              you would like me to review?
23     ATTY:    Yes.
24     ALJ:     And have you provided them?
25     ATTY:    No.
26     ALJ:     Where are they?
27     ATTY:    Well, the Claimant has two upcoming appointments,
28              apparently, with a consultative examiner for next week.

1   ALJ:      All right.  Well that's good.

2   ATTY:     So –

3   ALJ:      I'm glad to hear that those have been scheduled.

4   ATTY:     Yeah, so she intends to keep that.  And also we have an
5             outstanding request to Kaiser from December of '03
6             until now.

7   ALJ:      All right.  And – well, then, my – unless – I don't
8             have any additional questions for your client, in terms
9             of –

10  ATTY:     Okay.

11  ALJ:      – testimony.  Is there anything, in terms of testimony,
12            that you would like to put on the record?

13  ATTY:     Nothing additional.  No.

14  (AR at 258-59).   The Commissioner claims that the ALJ properly

15  enlisted the aid and cooperation of plaintiff's counsel in developing

16  the evidence from the treating physician.   Thus, the Commissioner

17  contends, the ALJ fully complied with the Remand Order.   The Court

18  disagrees.

19       The Appeals Council specifically remanded the case, in part, to

20  order the ALJ to address to evaluate plaintiff's chronic fatigue

21  syndrome and to consider Dr. Kahn's medical reports.   (AR at 276).

22  While the actual directive of the Remand Order appears to be more

23  permissive in nature with regard to the requirement of recontacting

24  Dr. Kahn, the purpose of the remand was to order the ALJ to consider

25  evidence he had not previously considered.   The Remand Order noted

26  that Dr. Kahn had been treating plaintiff since December 6, 1993 (AR

27  at 276), but his treatment notes only date back to August 1, 1998 (AR

28  at 130-46).  Dr. Kahn's notes prior to August 1, 1998 are significant

1  in light of a diagnosis of chronic fatigue syndrome by Brian P.

2  O'Connor, M.D., a specialist in the field of rheumatology, in December

3  of 1994.  Thus, the ALJ's failure to recontact Dr. Kahn represents a

4  material failure to comply with the Remand Order.

5       Similarly, the Court rejects the Commissioner's explanation for

6  failing to recontact Dr. Kahn by pointing to the ALJ's questioning of

7  plaintiff's counsel at the hearing.  While the Remand Order provided

8  that the ALJ could seek the cooperation of plaintiff in obtaining the

9  records of the treating physician, the suggestion does not amount to

10  relieving the ALJ of her duty to recontact Dr. Kahn herself.

11  Moreover, simply asking plaintiff's counsel if he had any additional

12  records to submit does not suffice.  Thus, the ALJ did not comply with

13  the Remand Order, as there is no additional evidence from Dr. Kahn

14  included in the records and no evidence that the ALJ attempted to

15  contact Dr. Kahn to request further clarification following the Remand

16  Order.[1]

17  ///

18  ///

19  ///

20  ///

21  **B.   <u>Remand Is Required to Remedy Defects in the ALJ's Decision</u>**

22

23     [1]  The Court makes this determination notwithstanding the
fact that it appears that the ALJ permissibly relied on the
opinions of consultative examiners in rejecting Dr. Kahn's

24  opinion.  A review of the evaluations of internist Denny H. Lee,
M.D., orthopedist Bunsri T. Sophon, M.D., and rheumatologist

25  Babak Zamiri, M.D., all indicate that the physicians based their
opinions on independent clinical findings.  "[W]here the opinion

26  of the claimant's treating physician is contradicted, and the
opinion of a nontreating source is based on independent clinical

27  findings that differ from those of the treating physician, the
opinion may itself be substantial evidence; it is then solely the

28  province of the ALJ to resolve the conflict."  <u>Andrews v.
Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995).

1   The choice of whether to reverse and remand for further
2   administrative proceedings, or to reverse and simply award benefits,
3   is within the discretion of the Court. McAlister v. Sullivan, 888
4   F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional
5   proceedings would remedy the defects in the ALJ's decision, and where
6   the record should be developed more fully. McAlister, 888 F.2d at
7   603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award
8   of benefits is appropriate where no useful purpose would be served by
9   further administrative proceedings, see Gamble v. Chater, 68 F.3d 319,
10  322-23 (9th Cir. 1995), where the record has been fully developed, see
11  Schneider v. Commissioner of the Social Security Administration, 223
12  F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455
13  (9th Cir. 1993), or where remand would unnecessarily delay the receipt
14  of benefits. See Smolen, 80 F.3d at 1292.

15  For the foregoing reasons, the Court finds remand appropriate.
16  On remand, the ALJ must recontact Dr. Kahn to obtain additional
17  medical reports and other information with respect to plaintiff in
18  compliance with the Remand Order.[2]

19  ///
20  ///
21  ///

22                              **ORDER**

23  _____

24      [2]  In the Joint Stipulation, plaintiff also contends that
    the ALJ failed to properly consider the treating physician's
25  opinion. As explained above, however, the ALJ's error in failing
    to comply with the Remand Order constitutes sufficient reason to
26  remand this case. Moreover, depending on the outcome of the
    proceedings on remand, the ALJ will have an opportunity to
27  address plaintiff's other argument again. In any event, the ALJ
    should consider all the issues raised by plaintiff in the Joint
28  Stipulation when determining the merits of plaintiff's case on
    remand.

1    The Court, therefore, VACATES the decision of the Commissioner of

2    Social Security Administration and REMANDS the case for further

3    administrative proceedings consistent with the Memorandum Opinion and

4    Order.

5

6    DATED:  April 28, 2006

                                              _____/s/_____
7                                             JENNIFER T. LUM
                                              UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28